IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3085-FL

| ROMIE H. WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| N.C. DEPARTMENT OF PUBLIC SAFETY and ROANOKE RIVER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on March 4, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On November 28, 2022, the court conducted its initial review of the action pursuant to 28 U.S.C. § 1915(e)(2)(B), and directed plaintiff to file amended complaint particularizing his claims. Plaintiff timely complied with the court's order, and the matter now comes before the court for initial review of the amended complaint.

### COURT'S DISCUSSION

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Plaintiff alleges that he was assaulted by another inmate and defendants failed to intervene or otherwise prevent the assault. Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994); see Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Under the first prong, "a prisoner must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or that "he was incarcerated under conditions posing a substantial risk of serious harm." Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014).

The deliberate indifference prong requires a showing that defendants knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837-38; Danser, 772 F.3d at 347. A plaintiff may establish deliberate indifference by producing direct evidence showing the prison official had knowledge of the risk and failed to protect him. Farmer, 511 U.S.

at 837.  As an alternative, "a prison official's subjective actual knowledge can be proved through circumstantial evidence" by showing that the risk was "obvious" and that the circumstances suggest the defendant must have known about it.  Makdessi, 789 F.3d at 133; see also Farmer, 511 U.S. at 842-44.  The official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate."  Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Plaintiff's amended complaint does not allege deliberate indifference under the foregoing standard.  Indeed, plaintiff has failed to correct any of the deficiencies the court identified in the November 28 order.  For example, plaintiff does not allege that, prior to the assault, individual officers were aware of the risk that the inmate posed to plaintiff and failed to intervene. Furthermore, and as explained in the November 28 order, defendant North Carolina Department of Public Safety ("DPS") is not an entity subject to suit under § 1983.  (DE 13 at 3); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).  DPS also is entitled to Eleventh Amendment immunity.   (See id.); see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) and Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995)).

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge